# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MORTGAGE 1 INCORPORATED (A MICHIGAN CORPORATION)<br><br>    Plaintiff,<br><br>    v.<br><br>MORTGAGE ONE FUNDING, LLC (A MICHIGAN LIMITED LIABILITY COMPANY),<br><br>    Defendant. | Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff, Mortgage 1 Incorporated, a Michigan Corporation ("Mortgage 1" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint for declaratory and other relief against Mortgage One Funding, LLC, a Michigan Limited Liability Company ("Mortgage One" or "Defendant") states as follows:

## PARTIES

1. Plaintiff, Mortgage 1 Incorporated, is a Michigan corporation with its principal place of business at 43456 Mound Road, Sterling Heights, Michigan 48314.

2. Defendant, Mortgage One Funding LLC, is a Michigan Limited Liability Company with its principal place of business at 6924 Norton Drive, Troy, MI 48085

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, false designation of origin, passing off, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for common law trademark infringement, unfair competition, unjust enrichment, misappropriation, and violation of the Michigan Consumer Protection Act.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b) and 2201(a). Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent/supplemental jurisdiction.

5. Venue is proper in this judicial district because: (1) Defendant does business in this judicial district, and (2) a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district; and (3) a substantial part of the property that is the subject of this case is situated in this judicial district. 28 U.S.C. §1391(b) and §1400(a).

## NATURE OF THE COMPLAINT

6. This is a civil action for damages and injunctive relief under applicable federal authority arising out of Defendant's willful acts of trademark infringement, unfair competition, unjust enrichment, misappropriation, and violation of the

Michigan Consumer Protection Act as a result of Defendant deliberate and knowing infringement of Plaintiff's Mark.

## FACTUAL BACKGROUND

7. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 6 of this Complaint as if set forth herein.

8. Plaintiff is a well-known mortgage company that has helped tens of thousands of families own their dream home since at least 1994.

9. Plaintiff advertises its services and maintains its website using https://mortgageone.com, which receives significant web traffic, demonstrating its popularity with consumers.

10. Plaintiff devotes considerable time, money, and human resources in designing, promoting, and providing its services. In doing so, Plaintiff has developed and implemented strategies to protect its products and services and associated intellectual property rights.

11. Plaintiff has utilized the common law trademark "MORTGAGE 1" and "MORTGAGE ONE" (individually and/or collectively, "Plaintiff's Mark") in connection with mortgage services for decades, and has been incorporated in the state of Michigan since 1994.

12. Upon Information and belief, Defendant first became incorporated as a Michigan limited liability company on May 26, 2021, using the name JJDA Capital,

LLC.  On October 2, 2021, JJDA Capital, LLC filed a Certificate of Assumed Name for National Mortgage Team.  Only days later it filed a different Certificate of Assumed Name for Mortgage One Funding, thereafter filing a Certificate of Termination of Assumed Name on October 26, 2021, for National Mortgage Team.  Finally, on November 29, 2021, a Certificate to the Articles of Organization was filed changing the name JJDA Capital, LLC to Mortgage one Funding, LLC.

13. Upon information and belief, Defendant was aware of Plaintiff and Plaintiff's services when Defendant changed its prior names and adopted the entity name Mortgage One Funding, LLC in late 2021.

14. Thus, Plaintiff began use of Plaintiff's Mark decades before Defendant adopted its current entity name and subsequently began using MORTGAGE ONE in commerce.

15. Plaintiff became aware of Defendant's use of Plaintiff's Mark for the identical services in an overlapping geographic region including within Michigan sometime after Defendant changed its entity name with the Michigan Department of Licensing and Regulatory Affairs as discussed above.

16. The parties exchanged letters a little over a year ago.  Plaintiff warned Defendant that there was not only a likelihood of confusion, but that it was aware of examples of actual confusion.

17. In its response to Plaintiff, Defendant identified a third party federal trademark registration as somehow excusing its infringement. Plaintiff readily acknowledges the existence of this federal trademark registration. Fortunately for Plaintiff, however, the first party to use a mark in commerce has the strongest trademark rights, even if it does not have a federal registration. Such common law trademark rights are limited to the geographic area where the mark was first used and the natural zone of expansion. Accordingly, the conditions of priority of use, geographic area, and natural zone of expansion are all to the benefit of Plaintiff and to the detriment of Defendant (and, incidentally, to the Registrant).

18. In its communications to Plaintiff, Defendant also argued that somehow it was protected from claims of infringement because the logos of the two companies are different, and it also uses the word "funding."

19. Given that it uses MORTGAGE ONE *per se* in its advertising to consumers, Defendant's arguments related to logo use and the word, "funding" are specious. Even on its website, the infringing mark MORTGAGE ONE is given significance.

20. A representative example of the types of advertising that Defendant sends out to consumers using MORTGAGE ONE without either its logo or the word "funding" is attached as Exhibit A.

21. Because the parties' two marks are identical, Defendant's use has triggered numerous complaints intended for Defendant, but misdirected to Plaintiff. These misdirected complaints not only demonstrate actual confusion, but are actively undermining the extensive goodwill that Plaintiff has worked to establish over the decades. Defendant's intentional misappropriation of Plaintiff's rights and ensuing confusion and misdirected communications have left Plaintiff with no choice but to proceed with this litigation.

22. A first representative example of a misdirected complaint dated August 28, 2024, is attached as Exhibit B, and involves an exchange of communications with the Better Business Bureau Serving Eastern Michigan. The complaint should have been sent to Defendant and not to Plaintiff.

23. A second representative example of a misdirected complaint dated September 21, 2024, is attached as Exhibit C, and involves an exchange of communications with the Better Business Bureau Serving Western Michigan. The complaint should have been sent to Defendant and not to Plaintiff.

24. A third representative example of a misdirected complaint involves an exchange of communications involving the State of Michigan Department of Attorney General including a complaint dated August 27, 2024, and a response from the Department of Attorney General dated September 18, 2024. The communications are

attached as Exhibit D. The complaint should have been sent to Defendant and not to Plaintiff.

25. The misdirected complaints continue even as of the beginning of 2025. Attached as Exhibit E is an exchange with the Consumer Financial Protection Bureau dated January 14, 2025, where yet again, a governmental agency, this time the Consumer Financial Protection Bureau, reached out to Plaintiff when the complaint involved conduct of Defendant. Attached as Exhibit F is an e-mail dated January 23, 2025, which Plaintiff received from one of its customers. This customer is in the process of doing a refinance with Plaintiff, but became confused when Defendant reached out to him, alleging "We are looking at your file now. . . ." As the customer stated: "I finally figured out that he was with a different lender trying to scam in on my refi."

26. Plaintiff's attempts to resolve this dispute amicably have been to no avail. To the contrary, the situation continues to worsen, necessitating this legal action.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTRICES UNDER 15 U.S.C. § 1125(a)

27. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 26 as if set forth herein.

28. By using in commerce Plaintiff's Mark, Defendant has falsely represented that it is the originator, author, and/or owner of Plaintiff's Mark. This false

representation is likely to cause continued confusion or mistake, and deceive the relevant public as to the origin, affiliation, association, or approval of Plaintiff's Mark.

29. By using Plaintiff's Mark, Defendant has given a false or misleading impression, which is likely to cause continued confusion, cause mistake, or to deceive the public as to the affiliation, connection, or association of the Plaintiff with the Defendant, when in fact no such affiliation, connection, or association exists between the Plaintiff and Defendant. In fact, they are competitors and conduct business in the same district.

30. Defendant, by virtue of the above acts, is likely to continue to cause the public to mistakenly believe that its use of MORTGAGE ONE originates from, is endorsed by, or is in some way affiliated with Plaintiff, and thus, constitutes common law trademark infringement, false designation of origin, passing off, unfair competition and deceptive trade practices.

31. Conversely, Defendant, by virtue of the above acts, is likely to continue to cause the public to mistakenly believe that Plaintiff is affiliated with or endorses Defendant and/or its activities associated with MORTGAGE ONE, and thus, constitutes common law trademark infringement, false designation of origin, passing off, unfair competition, and deceptive trade practices.

32. Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II

## MICHIGAN COMMON LAW UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE REPRESENTATION IN COMMERCE AND TRADEMARK INFRINGEMENT

33. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 32 of this Complaint as if set forth herein.

34. Defendant was notified that it was improperly displaying on its website and using in commerce Plaintiff's Mark, which is both unfair competition and an infringement of Plaintiff's rights under Michigan Common Law.

35. Plaintiff has been using in commerce in the State of Michigan Plaintiff's Marks since at least 1994. Plaintiff's Marks have acquired secondary meaning in the marketplace among consumers.

36. Defendant's use of MORTGAGE ONE, commencing decades after Plaintiff's use of Plaintiff's Mark, is identical to Plaintiff's Marks. Defendant uses MORTGAGE ONE in connection with identical services, in similar channels of commerce including overlapping geography within Michigan, with similar customers. This has caused actual confusion and is likely to cause continued confusion, mistake or deception resulting in unfair competition and an infringement of Plaintiff's trademark rights.

37. Actual confusion has already occurred as a result of Defendant's infringing conduct.

38. As a direct and proximate result of actions, conduct, and practices of Defendant alleged above, Plaintiff will and/or has been damaged.

## COUNT III
## Violation of M.C.L.A. § 445.901
## Michigan Consumer Protection Act

39. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 36 of this Complaint as if set forth herein.

40. Defendant, through its above-described conduct, have already engaged in unlawful, unfair, and fraudulent business practices within the meaning of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's mortgage services.

41. Plaintiff has been damaged by Defendant's aforementioned acts in an amount yet to be determined.

## COUNT IV
## UNJUST ENRICHMENT

42. Plaintiff incorporates by reference the allegations of Paragraphs 1 - 41 of this Complaint as is set forth herein.

43. By virtue of Defendant's adoption and use of Plaintiff's Mark, inter alia, in the state of Michigan, Defendant has received and retained a benefit from Plaintiff and an inequity has improperly resulted and due to such, Defendant will be, and/or has been, unjustly enriched to the damage and irreparable harm of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A declaration that the rights in Plaintiff's Mark are valid, enforceable, and violated by Defendant;

B. A declaration that Defendant's use of MORTGAGE ONE as a source indicator for mortgage services infringes Plaintiff's rights in Plaintiff's Mark;

C. A determination by this Court that Defendant has infringed Plaintiff's Mark, and has violated Section 43(a) of the Lanham Act and Section 1125(a) of the Trademark Act including engaging in common law trademark infringement, false designation of origin, passing off, unfair competition and/or deceptive trade practices;

D. A determination by this Court that Defendant has engaged in unfair competition, false designation of origin, false representation in commerce, and trademark infringement under Michigan Common Law;

E. A determination by this Court that Defendant has engaged in unjust enrichment, and has violated the Michigan Consumer Protection Act;

F. A Determination by this Court that Defendant has engaged in unjust enrichment;

G. An order disgorging Defendant's profits, all damages sustained by Plaintiff, and costs of the action, pursuant to 15 U.S.C. § 1117;

H. An order providing enhanced damages;

I. An order providing for Attorney's fees;

J. An award of prejudgment and post-judgment interests and costs of suit;

K. A permanent injunction restraining the Defendant, their respective officers, agents, servants, employees, attorneys, and those in act of concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise, from further infringing Plaintiff's Mark and from assisting or inducing others to infringe Plaintiff's Mark;

L. That Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all writings, signage, artwork, equipment, packaging, and other materials that infringe Plaintiff's rights or have contributed to the infringement of Plaintiff's rights, falsely designated source, or origin, or otherwise facilitated Defendant's unfair competition with Plaintiff;

M. That Defendant file with this Court and serve on Plaintiff's attorneys,

within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant complied with the injunction; and

**N.** An award of any such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

FISHMAN STEWART PLLC

Dated: January 24, 2025

/s/ Michael B. Stewart
Michael B. Stewart (P45318)
Barbara L. Mandell (P36437)
*Attorneys for Plaintiff*
800 Town Center Drive, Ste. 610
Troy, MI 48098
Tel: (248) 594-0600
Fax: (248) 594-0610
mstewart@fishstewip.com
bmandell@fishstewip.com